**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**GAINESVILLE, FLORIDA**

ADSAM MARKETING, LLC,
a Delaware limited liability company,

      Plaintiff,

v.                                                        Case No. 1:07-cv-00006-SPM-AK

RSC THE QUALITY MEASUREMENT
COMPANY d/b/a The ARS Group, an
Indiana corporation,

      Defendant,

_____/

**AGREED ORDER GOVERNING THE PROTECTION**
**AND EXCHANGE OF DISCOVERY MATERIAL**

This cause is before the Court on the parties' joint request for entry of a confidentiality

and protective order. Having reviewed the pleadings and motions presented, the Court finds that

good cause exists, pursuant to Fed.R.Civ.P. 26(c), for the entry of this confidentiality and

protective order to govern the discovery in the above-captioned action. The pleadings and

motions filed in this case reflect that this is a cause of action concerning an alleged breach of a

licensing agreement, and the parties represent and agree that discovery in this action will

necessarily entail the exchange of confidential, commercially sensitive, proprietary and trade

secret information.

Therefore, entry of a limited protective order maintaining the confidentiality of

appropriately designated confidential, commercially sensitive, proprietary and trade secret

material is appropriate to expedite the flow of discovery material, promote the prompt resolution

of disputes over confidentiality, and facilitate the preservation of material arguably worthy of

1

protection. *See McCarthy v. Barnett Bank of Polk County*, 876 F.2d 89, 91 (11th Cir. 1989); *In re Alexander Grant & Co. Litigation*, 820 F.2d 352, 356 (11th Cir. 1987) (*per curiam*).

Based upon the foregoing and the joint agreement of the parties to the terms hereof, and pursuant to Rule 26(c), Federal Rules of Civil Procedure, it is

### ORDERED:

1.      This Order shall govern the handling of all discovery including documents, records, tangible materials, testimony, responses to discovery and other information produced, served, disclosed or filed (and all copies, excerpts, and summaries) in connection with this litigation (hereinafter "discovery material").

2.      Discovery material produced or disclosed during the course of this litigation, regardless of designation, shall be used only for the limited purpose of preparing for and conducting this action (including appeals), and not for any other purpose whatsoever. Nothing in this Order shall limit the use of any discovery material at trial, except as ordered by the Court upon application by either party.

3.      A party may designate discovery material "CONFIDENTIAL" if the party reasonably believes the discovery material includes trade secrets as defined by Florida Statute 688.002(4), which provides that Trade Secret means information, including a formula, pattern, compilation, program, device, method, technique, or process that: (1) derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and (2) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

2

4. A party may designate discovery material "CONFIDENTIAL – COUNSEL'S EYES ONLY" if it reasonably and in good faith believes the discovery material includes CONFIDENTIAL information that would cause irreparable harm to the producing party in the event of disclosure to individuals not authorized below.

5. This Order shall not apply to discovery material already in the possession of a party to this action or received from a third party not obligated under this Order or which, prior to disclosure in this action, was publicly known, or which, after disclosure, becomes publicly known other than by act or omission of the recipient of the material or its agents, whether or not such material is also received from a party and designated CONFIDENTIAL or

CONFIDENTIAL - COUNSEL'S EYES ONLY

6. To the extent that a document contains some information that is CONFIDENTIAL - COUNSEL'S EYES ONLY and other information that is CONFIDENTIAL, it is the duty of the designating party to specify what portion is CONFIDENTIAL - COUNSEL'S EYES ONLY. The receiving party can make a copy of such a document with the CONFIDENTIAL - COUNSEL'S EYES ONLY material redacted and may provide such a redacted copy to any person authorized under this Order to receive CONFIDENTIAL material.

7. Access to discovery material (or the substance of such material) designated CONFIDENTIAL – COUNSEL'S EYES ONLY, shall be limited to:

(a) The attorneys for the parties to this litigation and the employees of such attorneys to whom counsel, in good faith, believe it is necessary that the discovery material be disclosed to assist in the conduct of this litigation including commercial copiers and similar outside litigation support firms;

3

(b)     Independent experts or consultants, retained for the purpose of aiding the attorneys of record in this litigation, provided that: (i) such persons are not presently affiliated or associated with, or employed by, any competitor of a party, and (ii) such persons have executed the undertaking attached hereto as Exhibit A, and notice is provided to the party that produced the discovery material at least five (5) business days prior to disclosure;

(c)     If the discovery material is documentary in form, any person who is shown on the document as an author or recipient of it;

(d)     Any witness testifying under oath who was previously i) an employee, officer or director of; ii) an individual or an employee of any entity which was a consultant, licensee to or licensor of, or iii) an individual or an employee of any entity which was an assignee to or assignor of; the party who produced such CONFIDENTIAL or CONFIDENTIAL - COUNSEL'S EYES ONLY discovery material but only with respect to CONFIDENTIAL or CONFIDENTIAL - COUNSEL'S EYES ONLY discovery material to which such person or entity had actual access at any time during his or her association to the party or which such person participated in preparing, provided said person has, in advance of disclosure, executed the undertaking of Exhibit A;

(e)     (i) the Court and court personnel, and (ii) court reporters, videographers and others necessarily incident to the conduct of discovery; and

(f)     Any other person by stipulation of the party that produced the information or by order of the Court.

8. Access to discovery material (or the substance of such material) designated CONFIDENTIAL, shall be limited to:

4

(g)     Any person to whom discovery material labeled "CONFIDENTIAL - COUNSEL'S EYES ONLY" may be disclosed pursuant to paragraph 7 above;

(h)     The parties; and

(c)     Deponents, and their counsel, during the course of depositions in this litigation, provided that: (a) such persons are not presently affiliated or associated with, or employed by, any competitor of a party, or such persons are the author or a recipient of the discovery material, and (b) such persons have executed the undertaking attached hereto as Exhibit A, which trial counsel for the disclosing party shall retain.

9.     CONFIDENTIAL or CONFIDENTIAL - COUNSEL'S EYES ONLY discovery material shall be designated by:

(a)     Documents may be marked CONFIDENTIAL or CONFIDENTIAL - COUNSEL'S EYES ONLY on each page of the document prior to production. Compact discs, floppy disks, videotapes, tangible objects and the like (hereinafter collectively "Objects") should be physically marked with stickers, tags or the like. If marking is not feasible, a designation may be made by letter. Documents and Objects may be produced for inspection before being so marked. Once specific documents or Objects have been selected for copying, any documents or Objects containing CONFIDENTIAL or CONFIDENTIAL - COUNSEL'S EYES ONLY discovery material will then be marked before delivery to the party who selected the documents or Objects. There is no waiver of confidentiality by the inspection of discovery material before they are copied and marked pursuant to this procedure. The parties agree to treat all discovery material inspected, and the information contained therein, as CONFIDENTIAL - COUNSEL'S EYES ONLY until such time as the discovery materials are marked, if necessary, and delivered to the selecting party.

5

Case 1:07-cv-00006-SPM-AK Document 95 Filed 03/10/08 Page 6 of 14

(b) Interrogatory answers shall be marked CONFIDENTIAL or
CONFIDENTIAL - COUNSEL'S EYES ONLY on each confidential page.

(c) Depositions which contain CONFIDENTIAL or CONFIDENTIAL -
COUNSEL'S EYES ONLY material shall be identified by a statement on the record, by counsel,
at the time of such disclosure. The court reporter shall affix the appropriate legend on the face of
the transcript or otherwise specially segregate those parts of the transcript. Alternatively, either
designation may be made by any party within ten days of receiving the deposition transcripts and
the parties agree to maintain all deposition transcripts CONFIDENTIAL - COUNSEL'S EYES
ONLY for at least ten days following receipt to allow for such designation by the other party.

10. Documents previously produced shall be retroactively designated by notice in
writing of the designated class of each document by bates number, or description if no bates
number was affixed thereto, within thirty (30) days of the execution of this Order. Documents
unintentionally produced without designation as CONFIDENTIAL or CONFIDENTIAL -
COUNSEL'S EYES ONLY may be retroactively designated in the same manner and shall be
treated appropriately from the date written notice of the designation is provided to the receiving
party.

11. If a person present at a deposition is not authorized under this Order to receive
CONFIDENTIAL or CONFIDENTIAL - COUNSEL'S EYES ONLY discovery material to be
disclosed by counsel or the witness at the deposition under the terms of this Order, that person
shall leave the deposition room while such material is being disclosed or used during the
deposition, unless such person agrees in writing to be bound by the terms of this Order.

12. In the event additional parties join or are joined in this litigation, they shall not have
access to CONFIDENTIAL or CONFIDENTIAL - COUNSEL'S EYES ONLY discovery

6

material until the newly joined party, by its counsel, has executed its Order to be fully bound by this Order.

13.     Any party seeking to file CONFIDENTIAL or CONFIDENTIAL - COUNSEL'S EYES ONLY information or materials under seal in this case for whatever reason must first either obtain a stipulation from the other party (which stipulation shall not be unreasonably withheld, and if reasonably withheld the party withholding the consent shall immediately provide to the other party in writing the specific reasons why consent to filing under seal cannot be given) or obtain Court approval. If the parties cannot agree to the filing under seal of the CONFIDENTIAL or CONFIDENTIAL - COUNSEL'S EYES ONLY information or materials, the moving party may then file a motion for leave of Court seeking such approval from the Court, and said motion for leave shall generally describe the confidential material (without disclosing the confidential material) and set forth the necessity for its filing and receipt under seal. A party may submit for filing under seal such materials under seal only after the parties have so stipulated or the Court has granted the motion for leave and has ruled that such information may be filed. In addition to complying with any additional requirements of the Federal Rules of Civil Procedure and the Local Rules of this Court, the parties must confer prior to bringing such a motion in an effort to minimize the number of requests for materials to be submitted *in camera* or under seal.

14.     All information subject to CONFIDENTIAL or CONFIDENTIAL - COUNSEL'S EYES ONLY treatment in accordance with the terms of this Order which is to be filed with the Court, and any pleadings, motions or other papers to be filed with the Court disclosing such CONFIDENTIAL or CONFIDENTIAL - COUNSEL'S EYES ONLY information, shall be subject to the terms of this Order. Upon the submission of any such information to the Court for

7

filing, the filing party shall, in reference to such item of CONFIDENTIAL or CONFIDENTIAL - COUNSEL'S EYES ONLY information, file the material in a sealed envelope prominently marked with the name of this action, a generic description of its contents, and the legend, "THE MATERIALS CONTAINED IN THIS ENVELOPE ARE SUBJECT TO AN ORDER TO SEAL DATED _____, AND SHALL, SUBJECT TO FURTHER ORDER OF THE COURT, BE MADE AVAILABLE ONLY TO COUNSEL OF RECORD OF THE PLAINTIFF AND THE DEFENDANT." After receipt by the Clerk of this Court of such envelope so marked, the Clerk shall only make such item available to the Court and the counsel of record. Any hearing in which CONFIDENTIAL or CONFIDENTIAL - COUNSEL'S EYES ONLY information is referred to or described shall, in the Court's discretion, be held *in camera*. This Order does not cover the use of CONFIDENTIAL or CONFIDENTIAL - COUNSEL'S EYES ONLY information at trial. The parties shall agree in the future regarding the appropriate mechanisms for the use, if any, of the CONFIDENTIAL or CONFIDENTIAL - COUNSEL'S EYES ONLY information at trial.

15. A party is not obligated to challenge a designation when made, and failure to do so shall not preclude a subsequent challenge. If a party challenges a designation, it shall give notice to the producing party, and they shall attempt to resolve any challenge in good faith on an expedited and informal basis. If the challenge cannot be expeditiously and informally resolved, either party may apply for a ruling from the Court by motion pursuant to the Local Rules governing discovery motions.

16. If any person or party receiving CONFIDENTIAL or CONFIDENTIAL - COUNSEL'S EYES ONLY discovery material under this Order ("the Receiver") (a) is subpoenaed in another action, or (b) is served with a demand in another action to which he or it

8

is a party, or (c) is served with any other legal process by one not a party to this litigation, and said subpoena, demand or legal process seeks material which was designated by a party or non-party subpoena recipient as CONFIDENTIAL or CONFIDENTIAL - COUNSEL'S EYES ONLY, the Receiver shall provide prompt, actual written notice, by hand or facsimile transmission, of receipt of such subpoena, demand or legal process to counsel for the designating party. If the designating party interposes an objection prior to the date production is due, then the Receiver (i) shall not produce the CONFIDENTIAL or CONFIDENTIAL - COUNSEL'S EYES ONLY discovery material without consent of the designating party or court order, including, if necessary, in the interim by objecting to production of the CONFIDENTIAL or CONFIDENTIAL - COUNSEL'S EYES ONLY discovery material to the extent permitted by law, and responding to any effort to enforce the subpoena, demand or other legal process by setting forth the existence of this Order and the designating party's objection, and (ii) shall keep counsel for the designating party fully apprised of all efforts to enforce the subpoena, demand or other legal process as well as the Receiver's responses thereto. Notwithstanding the foregoing, nothing in this paragraph shall be construed as requiring the Receiver to challenge or appeal any order requiring production of CONFIDENTIAL or CONFIDENTIAL - COUNSEL'S EYES ONLY discovery material covered by this Order, or to subject himself or itself to any penalties for non-compliance with any legal process or order, or to seek any relief from this Court.

17. Within sixty days of the conclusion of this action, including any appeals, all CONFIDENTIAL and CONFIDENTIAL - COUNSEL'S EYES ONLY material shall be returned by the receiving party to the producing party, or shall be destroyed by the receiving party, which shall confirm destruction in writing. Counsel of record may retain copies of

pleadings, depositions and exhibits and any privileged communications, or attorney work product containing CONFIDENTIAL and CONFIDENTIAL - COUNSEL'S EYES ONLY material, subject to the provisions of this Order.

18. In the event of any dispute involving the designation of materials as CONFIDENTIAL and CONFIDENTIAL - COUNSEL'S EYES ONLY under this protective order, the filing under seal of any materials pursuant hereto, or any other dispute arising under this order, and such dispute results in the filing of a contested motion requiring resolution by the Court, the Court may award to the prevailing party on such motion its costs and reasonable attorney's fees incurred in bringing or responding to the motion.

19. Any court reporter or transcriber who reports or transcribes testimony designated as CONFIDENTIAL and CONFIDENTIAL - COUNSEL'S EYES ONLY in this action at a deposition or trial shall agree, before transcribing any such testimony, that all testimony and information revealed at the deposition or trial is and shall remain confidential and shall not be disclosed by such reporter or transcriber except to the attorneys for either party and any other person who is present while such testimony is being given; and that copies of any transcript, reporter's notes or any other transcription records of any such testimony will be retained in absolute confidentiality and safekeeping by such reporter or transcriber or will be delivered to the undersigned attorneys or filed with the Court.

20. Neither the taking or nor the failure to take any action to enforce the provisions of this Order shall constitute a waiver of any claim or defense in the trial of this action or any other action, including, but not limited to, the claim or defense that any such information is or is not proprietary to any party or other person or that such information embodies trade secrets of any party or other person. The procedures set forth herein shall not affect the rights of the parties or

10

other person to discovery on any permissible grounds, nor shall they relieve a party or person of the necessity of proper response to discovery devices.

21.    This Order shall not abrogate or diminish any contractual, statutory or other legal obligation or right of any party or other person with respect to any CONFIDENTIAL and CONFIDENTIAL - COUNSEL'S EYES ONLY information or documents.   The fact that information is designated CONFIDENTIAL and CONFIDENTIAL - COUNSEL'S EYES ONLY under this Order shall not be deemed to be determinative of what a trier of fact may determine to be confidential or proprietary.  Absent a stipulation of the parties, the fact of such designation shall not be admissible during the trial of this action, nor shall the jury be advised of such designation.  The fact that any information is disclosed, used, or produced in discovery or trial herein shall not be construed admissible, or offered in any action or proceeding before any court, agency, or tribunal, as evidence of or concerning whether such information is confidential or proprietary.

22.    This Order shall apply to any and all copies, writings, and notes made from or concerning information or documents designated as CONFIDENTIAL and CONFIDENTIAL - COUNSEL'S EYES ONLY.

23.    The parties agree forthwith to submit this Agreed Confidentiality and Protective Order to and for entry by the Court, and further agree that, prior to approval by the Court, or in the event the Court fails to enter this Order for any reason, this Agreed Confidentiality and Protective Order shall be effective as if approved.

24.  Nothing in this Order shall prevent or restrict counsel from rendering legal advice to the named parties or any other parties which counsel may represent with respect to this litigation and, in the course thereof, referring or relying generally on counsel's examination of material

11

produced in the course of discovery proceedings herein, but without disclosing the specific

content of any material the disclosure of which disclosure shall be contrary to the terms of this

Order.

**DONE AND ORDERED** on this /0ᵗʰ day of March, 2008.

UNITED STATES MAGISTRATE JUDGE

Copies to:
Clerk
Counsel of record

12

**EXHIBIT A**

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE, FLORIDA**

ADSAM MARKETING, LLC,
a Delaware limited liability company,

   Plaintiff,

v.             Case No. 1:07-cv-00006-SPM-AK

RSC THE QUALITY MEASUREMENT
COMPANY d/b/a The ARS Group, an
Indiana corporation,

   Defendant,

_____/

## ACKNOWLEDGMENT OF CONFIDENTIALITY

The undersigned hereby acknowledges that he or she has read the Confidentiality Order ("ORDER") in the above-reference action and confirms that:

1. I have read and understand the contents of the ORDER dated _____

_____ in the above-captioned litigation.

2. I am executing this Acknowledgment and agreeing to observe the conditions provided in the ORDER prior to any disclosure to me of documents, things and/or any other information designated as containing, in whole or in part, CONFIDENTIAL or CONFIDENTIAL - COUNSEL'S EYES ONLY information.

3. I expressly agree that:

(a) I have read and shall be fully bound by the terms of the ORDER;

(b) Documents, things and information which are disclosed to me pursuant to the ORDER shall be maintained in strict confidence, and I shall not disclose or use the original or

13

any copy of, or the subject matter of any of the documents, things or the information they contain, except in accordance with the ORDER;

(c)     I shall not use or refer to any of the documents, things and/or any information so designated other than in connection with this litigation and as prescribed in the ORDER;

(d)     With respect to CONFIDENTIAL - COUNSEL'S EYES ONLY information, I shall not disclose this information except in accordance with the ORDER, and I shall not disclose this information to any party except upon the written stipulation of the parties or Order of the Court.

(e)     I shall, upon notification that this litigation has terminated, return any and all originals and/or copies of the documents and things to counsel for _____ at such counsel's expense, and I shall destroy any notes or memoranda I have which in any way concern the substance embraced by such documents, things and/or information.

4.     I do and shall subject myself to the continuing jurisdiction of the above-entitled Court over my person, wherever I shall be found, for purposes of enforcement of the ORDER.

_____  _____
(Signature)

Print name and address:

_____

Dated: _____     _____

14