IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

ADSAM MARKETING, LLC, a
Delaware limited liability company,

    Plaintiff,

vs.                                                  1:07-CV-006-SPM

RSC THE QUALITY MEASUREMENT
COMPANY, d/b/a The ARS Group,
an Indiana corporation,

    Defendant.
_____/

## CONFIDENTIALITY ORDER

The parties having stipulated to terms for disclosure of confidential information, and the Court finding good cause therefore, the Joint Motion for Confidentiality Order executed by the parties on June 23, 2008, and attached hereto, is hereby made the Order of this Court.

**DONE AND ORDERED** this <u>fifteenth</u> day of July, 2008.

*[signature]*
Stephan P. Mickle
United States District Judge

1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
### Gainesville Division

| | | |
|---|---|---|
| ADSAM MARKETING LLC,<br>a Delaware Limited Liability Company | )<br>)<br>) | |
| Plaintiff, | )<br>) | |
| v. | )<br>) | Civil Action No.<br>1:07-CV-06-SPM/AK |
| | )<br>) | |
| RSC THE QUALITY MEASUREMENT<br>COMPANY d/b/a The ARSgroup,<br>an Indiana Corporation | )<br>)<br>) | |
| | ) | |
| Defendant. | ) | |

### AMENDED STIPULATION AND JOINT MOTION FOR CONFIDENTIALITY ORDER

NOW COME counsel for plaintiff and counsel for defendant, and pursuant to Federal Rules of Civil Procedure 26 and 29, hereby stipulate as follows and additionally request that the Court make this Stipulation an Order of the Court. A proposed Order is attached hereto.

1. Any party may designate as "confidential" all or any part of any business records, including, but not limited to, all documents related to the copytests conducted by the Defendant for Defendant's current or former customers produced during the course of discovery in the above matter. By entering into this Stipulation, the parties do not waive their respective rights to assert that other information which may be sought by the other party during the course of this litigation is confidential, proprietary and/or of a competitive nature. The parties reserve their rights to seek protection from the Court, if necessary, with respect to the production, disclosure or dissemination of such information.

2. Any third party producing Documents or other information in the above styled action may designate any document or information that it is producing or supplying that the third

party believes contains or amounts to Confidential Information. Such designation shall be made by stamping the Document as "Confidential" prior to delivering a copy of the same.

3.  Any party or third party may designate any Document, testimony or information as containing Confidential Information that it has previously produced or exchanged without such designation or that has been produced by another party or a third party and was not designated as containing Confidential Information at the time produced. Notice of such post-production designation shall be given in writing to all parties to whom such materials have previously been furnished within sixty (60) calendar days after the Document or information has been produced. From the time such post-production designation is made, it shall have the same effect as if each individual item designated on a post-production basis was in fact marked as set forth in paragraphs 1 and 2 above at the time of production.

4.  Material or information designated confidential under this Stipulation shall not be used or disclosed by any party or by anyone who gains access to such material or information hereunder for any purpose whatsoever other than preparation for, and trial of, this action and any appeal therein.

5.  Counsel for each party who obtains material or information designated confidential under this Stipulation, or counsel for any other party or person or entity not a party, shall not disclose or permit disclosure of this material or information to any person or entity other than the following: (i) the specific attorneys of record for the parties; (ii) office personnel employed by attorneys of record for the parties to the extent necessary to assist in trial preparation; (iii) investigators retained by the attorneys for a party in the course of that party's trial preparations; (iv) expert witnesses and consultants (and their staff and support personnel) consulted by persons identified in 6(i); (v) the named parties in this action, as explained more

fully below, in connection with this action (whether in preparation for trial or in presentation of evidence, in connection with trial, motions, testimony, evaluation, advice or otherwise in connection with the case.); (vi) any deponent and/or witness in this action; (vii) any court reporter in this action.

6. Prior to disclosure of any material or information designated as confidential under this Stipulation to any person identified in paragraph 5, the person must agree to be bound by the terms of this Stipulation by executing the Confidentiality Agreement attached as Exhibit "A".

7. If the propriety of any designation of documents or information as confidential per this Stipulation is disputed, the information shall be treated as confidential until the dispute is resolved.

8. Upon final determination of this action, whether by judgment, settlement, or otherwise, counsel of record and each party, person and entity who obtained documents from a party that are designated confidential shall return any such documents and all copies thereof, to the party or their counsel who provided the documents if they are requested.

9. The conditions of this Stipulation shall remain in full force and effect during any appeal hereafter taken by any party.

SO STIPULATED, this 23rd day of June 2008.

Counsel for Plaintiff

*[signature]*

Brian Kramer, Esq.
Florida Bar No. ------ 0981265
Scruggs & Carmichael, P.A.

Counsel for Defendant

*[signature]*

Peter G. Fischer, Esq.
Georgia Bar No. 261946
Shea Stokes Roberts & Wagner, ALC